**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6410**

———————

DOUGLAS MICHAEL BROWN, JR.,

             Petitioner - Appellant,

      v.

HAROLD CLARKE, Director, VA Department of Corrections,

             Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief
District Judge.  (2:12-cv-00117-RBS-DEM)

———————

Submitted:  July 16, 2013          Decided:  July 24, 2013

———————

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

Douglas Michael Brown, Jr., Appellant Pro Se.   Robert H.
Anderson, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA,
Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Michael Brown, Jr., seeks to appeal the district court's order adopting the recommendation of the magistrate judge and dismissing Brown's 28 U.S.C. § 2254 (2006) petition. The district court's judgment was entered on the docket on December 21, 2012. The district court filed Brown's notice of appeal on March 4, 2013, outside of the thirty-day appeal period. See Fed. R. App. P. 4(a)(1)(A). Although the notice of appeal was stamped as received in the prison mail system in March 2013, Brown asserts on appeal that he filed his notice of appeal on January 10, 2013, well within the thirty-day appeal period. Because Brown is incarcerated, the notice is deemed filed on the date it is properly delivered to prison officials for forwarding to the district court. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 271-72 (1988). The record does not conclusively reveal when Brown delivered the notice of appeal to prison officials for mailing. Accordingly, we remand the case for the limited purpose of allowing the district court to make factual findings as to the date Brown properly delivered his notice of appeal to prison officials for filing. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

2